# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-60228
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2024

Lyle W. Cayce
Clerk

Naira Gasparyan,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A220 149 232

---

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Naira Gasparyan, a native and citizen of Armenia, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing her appeal of the immigration judge's (IJ's) denial of protection under the Convention Against Torture (CAT).

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60228

We review the BIA's decision and consider the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual findings are reviewed for substantial evidence, and its legal conclusions are reviewed de novo. *Id.* at 517. We will not reverse the BIA's factual findings unless the evidence compels a contrary conclusion. *Chen v. Gonzalez*, 470 F.3d 1131, 1134 (5th Cir. 2006). The denial of CAT protection is reviewed under the substantial evidence standard. *Id.*

Gasparyan argues that the BIA reversibly erred when it agreed with the IJ's finding that she failed to establish that it was more likely than not that she would be tortured if she was removed to Armenia. She avers that her credible testimony, along with country conditions evidence, established that she would be tortured if removed to Armenia.

To receive CAT protection, an alien must establish that it is (1) "more likely than not" that she would be tortured if removed to her home country (2) "by, or with the acquiescence of, government officials acting under the color of law." *Hakim v. Holder*, 628 F.3d 151, 155 (5th Cir. 2010); *see* 8 C.F.R. §§ 208.16(c)(2), 1208.16(c)(2). While Gasparyan testified that the policemen hit, slapped, and pushed her, which she stated caused swelling, bruises, and aches, the record does not compel the reversal of the BIA's determination that such harm did not rise to the level of torture. *See Chen*, 470 F.3d at 1134. Torture requires infliction of severe physical or mental pain and encompasses severe cruelty, 8 C.F.R. § 208.18(a)(1), and it does not include "lesser forms" of cruel mistreatment or punishment that "do not amount to torture," § 208.18(a)(2).

As the IJ noted, the country conditions evidence relating to torture in Armenia did not relate to Gasparyan's situation, as the evidence did not indicate that police officers were torturing or abusing citizens to extort them. *Cf. Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019) ("Generalized country

2

evidence tells [courts] little about the likelihood state actors will torture any particular person."). Additionally, record evidence demonstrated that the Armenian government is engaged in ongoing efforts to curb abuses committed by police officers by providing a publicly available method on the Armenian Police Department's website for individuals to anonymously report any illegal conduct by police officers. Although Gasparyan argues that it is a mere conjecture that the anonymous reporting method is successful or effective at deterring police abuse, she fails to establish that the record compels a finding opposite than that reached by the BIA, *see Chen*, 470 F.3d at 1134.

In view of the foregoing, the evidence does not compel the conclusion that Gasparyan would "more likely than not" be tortured if removed to Armenia. § 208.16(c)(2); *see Chen*, 470 F.3d at 1134. Thus, substantial evidence supports the BIA's finding that Gasparyan was not entitled to CAT protection. *See Orellana-Monson*, 685 F.3d at 517.

The petition for review is DENIED.